UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY YOUNG,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.

_____/

Case No. 10-CV-10117

HON. AVERN COHN

**MEMORANDUM AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING CASE**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner, Barry Young, pled guilty in the Genesee Circuit Court to one count of possession with intent to deliver between 50 and 449 grams of cocaine, in violation of M.C.L. § 333.7401(2)(A)(3).  As a result, he is serving a 10-to-20 year sentence at a Michigan correctional facility. Petitioner, proceeding *pro se*, claims that he was sentenced in violation of his Eighth, Ninth, and Fourteenth Amendment rights.  For the reasons that follow, the petition will be denied.

### II. Background

Petitioner was pulled over for speeding on I-75 in Genesee County.  When he was unable to produce a driver's licence, he was arrested and his car was searched. Police found a bag containing 68.46 grams of powder cocaine.  Petitioner was charged with possession with intent to deliver between 50 and 449 grams of cocaine.  He was

also charged as a fourth-time habitual felony offender, in which he faced the possibility of a life sentence if convicted.

Before trial, Petitioner accepted a plea bargain whereby he pled guilty to the possession charge. In exchange, the prosecutor dropped two lesser charges and dropped the habitual offender designation.  There was no sentencing agreement.

At the sentencing hearing, the parties agreed that the guidelines called for a minimum sentence between 87 and 145 months.  The prosecutor noted that Petitioner had a criminal history spanning thirty years, including a conviction for second-degree murder. Defense counsel submitted letters in support of Petitioner from his family and noted that he had a wife of twenty years and children.  The trial court noted that Petitioner had the support of his family but imposed a sentence of 10-to-20 years in prison.

Petitioner was appointed appellate counsel who filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The application raised two claims, both of which sought to have Petitioner resentenced to a shorter term.  Petitioner's first claim asserted that his Ninth Amendment rights were violated when the trial court failed to ensure that it considered all mitigating factors before imposing sentence.  Petitioner's second claim asserted that Petitioner suffers from a treatable drug addiction that was the root cause of the offense, and that the court therefore was required under the Eighth and Fourteenth Amendments to depart below the recommended sentencing guideline range because adequate treatment will result in his quick rehabilitation.  Petitioner also filed a motion to remand the case to the trial court, asserting that his trial counsel was ineffective for failing to hire a mitigation expert for sentencing.

The Michigan Court of Appeals denied the motion for remand and denied the delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Young*, No. 286284 (Mich. Ct. App. August 4, 2008).  Petitioner then filed a pro se application for leave to appeal in the Michigan Supreme Court, raising the same claims.  The Michigan Supreme Court denied leave to appeal by standard order. *People v. Young*, 482 Mich. 1071 (2008) (table).

Petitioner's instant application for a writ of habeas corpus does not enumerate any claims, but it appears that Petitioner asserts the same claims in this action that he presented to the state courts.

### III.  Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts."  *Price v. Vincent*, 538 U.S. 634, 639 (2003).

## IV.  Discussion

### A. Ninth Amendment Right Have Mitigating Factors Considered at Sentencing

Petitioner first argues that the trial court violated his Ninth Amendment rights when it failed to ensure that it considered all mitigating factors before imposing sentence.  This argument is not well-taken.  The Ninth Amendment does not support Petitioner's claim.  The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." "[T]he Ninth Amendment has not been recognized to independently secure any constitutional right." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).  S*ee also Ferguson v. Curtin*, No. 1:09-cv-330, 2009 U.S. Dist. LEXIS 81568, 2009 WL 2905563, at *5 (W.D. Mich. Sept. 4, 2009) (stating that "[t]here exists no federal precedent, much less Supreme Court precedent, holding that the Ninth Amendment protects individuals from sentencing error where there exists no Fourteenth or Sixth Amendment violation.").  Therefore, Petitioner is not entitled to habeas relief based on the Ninth Amendment.

### B.  Eighth and Fourteenth Amendment Right to Have Mitigating Factors Considered at Sentencing

Petitioner next claims that the trial court deprived him due process and equal protection of the law under the State and Federal Constitutions by failing to consider mitigating evidence at sentencing.  Specifically, Petitioner seems to allege that because, with adequate treatment, he can be quickly rehabilitated, that the trial court was required to depart below the recommend sentencing guideline range.  Petitioner further alleges in his third claim that his trial attorney was ineffective for failing to hire a

mitigation expert.

"The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases." *Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991)). Moreover, the Due Process and Equal Protection Clauses also are not violated "when the trial court does not consider mitigating factors during sentencing in a noncapital case." *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995). Because this is a noncapital case, Petitioner's constitutional rights were not violated by the trial court's alleged failure to consider all mitigating evidence, including the fact that he suffers from drug addiction.

Moreover, defense counsel made an argument in mitigation of sentencing, and that the trial court considered factors in mitigation of sentencing. Before imposing sentence, the trial court considered the fact that Petitioner enjoyed the support of his family. The trial court read the letters submitted by Petitioner's family members and discussed how they weighed in his favor. Nevertheless, the trial court noted Petitioner's extensive criminal history, including a conviction for second-degree murder and then imposed a sentence on the high-end of the guideline range. In short, defense counsel presented mitigating evidence and the trial court considered it even though it was not constitutionally required to do so. It also follows that petitioner's constitutional rights, and defense counsel was not ineffective for failing to hire a mitigation expert. "An attorney is not required to present a baseless defense or to create one that does not exist." *Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986).

## V. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Because jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong, a certificate of appealability will be denied.

## VI. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. This case is DISMISSED.

SO ORDERED.


Dated: May 25, 2012
s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on May 25, 2012 electronically and/or by U.S. mail.

s/ Michael Williams
Relief Case Manager to the Honorable
Avern Cohn